# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| **DERRICK MATHIS,** | CIVIL ACTION |
| *Plaintiff*, | |
| v. | No. 18-4798 |
| **ATTORNEY FOR MRS. HINES, <u>ET AL.</u>,** | |
| *Defendants*. | |

## MEMORANDUM

**Goldberg, J.**                                                                                                    **November 29, 2018**

Plaintiff Derrick Mathis, proceeding *pro se*, brings this civil action against Wendell Grimes, James P. McGarrity, Harry B. Reese, and Jill Manuel-Coughlin, all of whom are attorneys. (ECF No. 2.) By Order entered on November 8, 2018, the Court denied Mathis's Motion for Leave to Proceed *In Forma Pauperis* without prejudice for lack of sufficient financial information, and directed him to either pay the filing fee or submit a new motion within thirty (30) days. (ECF No. 5.) On November 16, 2018, Mathis filed a renewed Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 6.) On November 20, 2018, the Court received an Amended Complaint from Mathis, naming as the Defendants the Wells Fargo Corp., Mrs. Jill Manuel-Coughlin, Mr. Harry Reese, Mrs. Leesa Whitt-Potter, and Mrs. Deb Bender. (ECF No. 7.) Because the Amended Complaint supersedes the initial Complaint, the Court will deem the Amended Complaint to be the operative pleading in this matter. *See West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (citations omitted). For the following reasons, the Court will grant Mathis leave to proceed *in forma pauperis* and

dismiss his Amended Complaint with leave to amend.

I.      FACTS

Mathis's Amended Complaint consists of 59 pages, most of which are exhibits. Mathis used this Court's form complaint for a *pro se* plaintiff filing a civil action. Mathis alleges that on July 5, 2011, he and Michelle Hines signed a land purchase agreement for the property where he resides now. (Am. Compl. at 3, 11.)[1] He mentions that Hines has a mortgage with Wells Fargo. (*Id.* at 3.)

Mathis contends that at some point, attorneys and employees for Wells Fargo "conspired to create a scam" to breach the mortgage contract as well as the land purchase agreement. (*Id.*) Mathis alleges that these individuals wanted "to commit foreclosure fraud and walk away with 10s of thousand[s] in payments and sell the property by filing false claims of non payment and arrears to criminally interfere with the contract purchase." (*Id.*) He argues that Wells Fargo committed perjury in bankruptcy court. (*Id.* at 11.) Mathis appeared in bankruptcy court to testify that there were no arrears, and he states that an Order was entered stating that Mrs. Hines and Mrs. Coughlin, an attorney for Wells Fargo could neither foreclose on or sell the property. (*Id.*) He suggests that although Mrs. Coughlin had a "legal obligation to show up to defend against the false legal claims," she committed obstruction of justice "and went around the legal process and did not show up in fear of being confronted regarding the misappropriation of payments." (*Id.* at 12.)

---

[1] The Court uses the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

Mathis suggests that Wells Fargo breached the contract by committing several white collar crimes. (*Id.* at 13.) He indicates that he is invoking the Court's federal question and diversity jurisdiction to bring this suit, and states that the following rights are at issue: "Fair Housing Rights, Federal Court Order from a scam Due Process Bankruptcy fraud foreclosure fraud money laundering misappropriation of mortgage payments breach of contract mortgage fraud white collar crimes stolen mortgage payments criminally interfering with fair rights & housing discrimination fraud and deception." (*Id.* at 2.) As relief, Mathis requests that the deed to the property be transferred to him. (*Id.* at 15.) He also requests damages. (*Id.* at 14-15.) Mathis has also filed a Motion in which he requests that all actions in Common Pleas court be dismissed. (ECF No. 3.)

The remainder of Mathis's Amended Complaint consists of exhibits, including a copy of the agreement between him and Hines, copies of filing in state court and bankruptcy court proceedings, a Citizen Report Form that Mathis completed for the United States Attorney's Office, and documents detailing communications between Mathis and Bender, an Executive Resolution Specialist for Wells Fargo, and Whitt-Potter, a Senior Vice President for Wells Fargo Home Lending. Public dockets reflect that in December of 2015, Hines, through attorney Wendell Grimes, filed an ejectment action against Mathis. *Hines v. Mathis*, Docket No. 151104716 (Phila. Ct. Common Pleas). Ultimately, after a bench trial, Judge Gene Cohen found in Hines's favor and awarded possession of the property to her. *Id.* Mathis has appealed this decision to the Superior Court of Pennsylvania. *Hines v. Mathis*, 3092 EDA 2018 (Pa. Super. Ct). Public dockets also reflect that in October of 2017, Wells Fargo filed a foreclosure action against Hines. *See Wells Fargo Bank NA v. Hines*, Docket No. 171002325 (Phila. Ct. Common Pleas). Public dockets also reflect that Hines filed bankruptcy under Chapter 7 in January of

2017. *In re Heinz*, 17-10289-elf (Bankr. E.D. Pa.). Ultimately, the case was converted to a Chapter 13 bankruptcy, and was dismissed on August 30, 2017 for failure to file a Chapter 13 plan. *Id.*

## II. STANDARD OF REVIEW

The Court will grant Mathis leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Mathis is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Request for Dismissal of State Proceedings

In his Motion, Mathis asks for all proceedings in the Court of Common Pleas to be dismissed. (ECF No. 3.) To the extent that Mathis is seeking review of rulings entered by the state court in any concluded proceedings, this Court lacks jurisdiction to do so. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially

appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Therefore, this Court lacks jurisdiction over any claims seeking to dismiss any rulings in concluded state court proceedings.

To the extent that Mathis seeks dismissal of any pending proceedings, the Court cannot provide such relief, as it may not intervene in his state civil proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Duran v. Weeks*, 399 F. App'x 756, 758–59 (3d Cir. 2010) (per curiam) ("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for *Younger* abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate."); *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003) (noting that "*Younger* has been applied to civil enforcement proceedings and other civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions"); *cf. Scott v. Mortg. Elec. Registration Sys., Inc.*, No. Civ. A. 04-3951, 2004 WL 1925008, at *3-4 (Aug. 27, 2004) (citing *Prindable v. Ass'n of Apt. Owners of 2987 Kalakaua*, 304 F. Supp. 2d 1245, 1262 (D. Haw. 2003)) (concluding that *Younger* applies to pending state court ejectment proceedings).

### B. Claims Regarding Civil Rights and Constitutional Rights

Given Mathis's references to due process and discrimination, the Court construes his Complaint to be raising claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the

United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, there is no basis for concluding that any of the Defendants—a bank as well as attorneys and employees for that bank—are state actors subject to liability under § 1983. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009); *Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67-68 (3d Cir. 2006) (per curiam) (concluding that defendant bank was not a state actor); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (noting that "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court"); *Swope v. Northumberland Nat'l Bank*, No. 4:13-CV-2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014) ("[T]he Third Circuit Court of Appeals has repeatedly found that constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors."). Thus, the Court must dismiss Mathis's § 1983 claims.

### C. Claims Regarding "White Collar Crimes," Fraud, and Money Laundering

Mathis appears to suggest that the Defendants have violated various criminal statutes, including those covering "white collar crimes," various types of fraud, and money laundering. Criminal statutes, however, generally do not provide a basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"). Accordingly, any claims brought pursuant to criminal statutes will be dismissed.

### D. Claims Under the Fair Housing Act

Mathis vaguely suggests that the Defendants violated his rights under the Fair Housing Act. Section 3605 of the Act states that it is unlawful "for any person or other entity whose

business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. §3605(a). Section 3617 prohibits coercion, intimidation, threats against or interference with any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act. *See generally* 42 U.S.C. § 3617. Nothing in the Amended Complaint, however, suggests that the Defendants are in the business of engaging in residential real estate transactions or that they discriminated against him in the course of such a transaction. Moreover, nothing suggests that they interfered in any way with Mathis's ability to exercise his rights under the Fair Housing Act. Accordingly, these claims will be dismissed.

E. **State Law Claims**

Mathis also appears to raise claims pursuant to state law, such as for breach of contract, against the Defendants. Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). While Mathis seeks well over

$75,000.00 in damages, the Amended Complaint suggests that Manuel-Coughlin and Reese, as well as Mathis, are citizens of Pennsylvania. Thus, it appears that complete diversity does not exist. Accordingly, Mathis has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mathis leave to proceed *in forma pauperis* and dismiss his Amended Complaint. In light of Mathis's *pro se* status, this dismissal will be without prejudice to his right to file a second amended complaint in the event he can clarify his claims and cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Mathis's Motion (ECF No. 3) will be denied. An appropriate Order follows.